MURPHY et al, Respondents, v. STANDARD OIL COMPANY, Petitioner.

(207 N. W. 92.)

(File No. 6101.   Opinion filed January 23, 1926.)

1. **Statutes—Railroad Commissioners—Title of Act Held Not Defective in Not Naming Tribunal Authorized to Investigate and Determine Whether Corporation Is Carrier for Hire.**

   Laws 1925, c. 224, is not void because Board of Railroad Commissioners is not named in title as tribunal authorized to investigate and determine whether corporation is carrier for hire, subject to Board's supervision and control.

2. **Public Service Commissions—Findings—Only Fact Findings Based on Evidence Are Final.**

   Under Laws 2d Sp. Sess. 1920, c. 81, Sec. 4, only such fact findings of Board of Railroad Commissioners as are based on evidence are final.

3. **Automobiles—Carriers—Corporation Carrying No Property Other Than Its Own Not "Carrier for Hire."**

   To Support conclusion of Board of Railroad Commissioners that corporation is carrier for hire, there must be evidence that it is equipped for and engaged in carrying or offering to carry persons or property other than its own for compensation in some form; "carrier for hire," as used in Laws 1925, c. 224, necessarily implying contractual relation.

4. **Statutes—Motor Vehicles—Act Bearing Title Not Referring to Carriers by Motor Vehicle Other Than for Hire Void as to Corporation Delivering Petroleum Products from Its Storage Tanks to Service Stations and Customers Without Charge.**

   Laws 1925, c. 224, entitled, "An act providing for the supervision, regulation and control of the transportation by motor vehicle of persons and property for hire," etc., held void as to corporation delivering petroleum products from .its storage tanks, by tanks mounted on motor trucks, to service stations owned and operated by it and others, and to its customers, without charge; title making no reference to carriers other than for hire.

Certiorari to Board of Railroad Commissioners of State of South Dakota.

Certiorari by the Standard Oil Company of Indiana to John J. Murphy and others, as the Board of Railroad Commissioners of the State of South Dakota.  Final order of board set aside.

*Buell F. Jones,* Attorney General, and *Raymond L. Dillman,* Assistant Attorney General, for Complainants.

*Stephens, McNamee, O'Keeffe & Stephens,* of Pierre, for Defendant.

(1)   To point one of the opinion, Petitioner cited:   Metropolitan Casualty Insurance Company v. Basford, 31 S. D. 149; Ritche v. People, 155 Ill. 98, 29 L. R. A. 79; Boxworth v. State University, L. R. A. 1917B 812; Ryerson v. Utley, 16 Mich. 269; State of Iowa v. Manhattan Oil Company, 203 N. W. 302; Vernor v. Secretary of State (Mich.), 146 N. W. 338.

Respondent cited:   State v. Morgan, 2 S. D. 32; Cessna v. Otho Development and Power Co., 35 S. D. 557; Wilson v. Western Surety Co., 31 S. D. 175; State v. McPherson, 30 S. D. 547; State v. Becker, 3 S. D. 29; Morrow v. Wipf, 22 S. D. 146; State v. Carlisle, 30 S. D. 475; Mogul v. Gaither, 142 Md. 380; Monoghen v. Lewis (Penn.), 59 Atl. 948; People v. McBride, 234 Ill. 146; Walling v. Lummis, 16 S. D. 350.

(3) and (4)   To points three and four of the opinion, Petitioner cited;   Standard Oil Co. v. Jones, 205 N. W. 72; In re Watson, 17 S. D. 486, 97 N. W. 463; State v. Doran, 28 S. D. 486, 134 N. W. 53; Seaboard Airline Railway v. Simon, 20 L. R. A. (N. S.) 127; Waters-Pierce Oil Company v. City of Hot Springs, 16 L. R. A. (N. S.) 1035; State v. Fisch, 73 Minn. 118, 48 L. R. A. 437; State v. Armour, 37 N. D. 117; Kelaher v. Portland, 57 Ore. 572, 112 Pac. 1076; Wells Fargo & Co. v. Johnson, 214 Fed. 180.

Respondent cited:   Packard v. Banton, 44 Sup. Ct. 257; Austin Bus Transfer Co. v. Bloom, 147 N. E. 387; Michigan Public Utilities Commission v. Duke, 46 Sup. Ct. 191; Ex parte Tindall (Okla.), 229 Pac. 125; Reo Bus Lines Co. v. Southern Bus Line Co., (Ky.), 272 S. W. 18; Buck v. Kuykendall, 45 Sup. Ct. 324; Frost v. Railroad Commission, 240 Pac. 26.

POLLEY, J.   This proceeding was originated by the Board of Railroad Commissioners under the authority of chapter 224, Laws of 1925, against the Standard Oil Company of Indiana as defendant.   This act purports to vest in that board supervision and control over the motor traffic on the public highways of the state, and pursuant to the provisions of said act the Board entered upon an investigation of the affairs and practices of the defendant in the sale and distribution of its various commodities in this state

for the purpose of determning whether the defendant is engaged in said business within the meaning of said law, and cited defendant to appear before the Board on a day fixed, and furnish the Board with all the information in its possession relative to its said business in this state.

A hearing was had, at the termination of which the Board rendered its decision and entered an order accordingly. Defendant's petition for a rehearing was denied, and it brings the matter to this court by writ of certiorari.

[1] At the hearing the defendant appeared and objected to the jurisdiction of the Board to conduct the investigation as outlined by its citation to defendant. The first ground upon which this objection is based is the insufficiency of the title to chapter 224, that, inasmuch as it does not appear from the title to the act that it is the Board of Railroad Commissioners that is to carry out the provisions of the law, the title is defective and the law void. This position is not well taken. It is necessarily implied that some board or tribunal must be vested with this authority, and it is not necessary that such tribunal be named in the title.

It is next urged by defendant that, as applied to it, the subject of the act is not expressed in the title, and that therefore the act is unconstitutional and void. The title to the act is as follows:

"An act entitled, an act providing for the supervision, regulation and control of the transportation by motor vehicle of persons and property for hire upon the public highways of this state and prescribing the compensation to be paid for the use of such highways."

This appears to be a perfectly good title, but restricts the scope of the act to the supervision, regulation, and control of motor vehicles for hire.

The law defines "motor carrier" to be any "corporation or person * * * operating any motor vehicle upon any public highway in this state for the transportation of persons or property. for hire, or for distributing, delivering or collecting oils or oil products, goods, wares or merchandise, except such motor carriers operating exclusively within the limits of a municipality. Provided," etc. * * *

The words "for hire" are defined to mean, "for remuneration of any kind, paid or promised, either directly or indirectly."

The law by section 2, divides motor carriers into four separate classes, A, B, C, and D. With "class A" and "class B" we are not concerned in this case. Class C is defined to be:

"All motor carriers operating motor vehicles for distributing, delivering or collecting oils, oil products, goods, wares, merchandise or commodities where the remuneration is fixed in and the transportation service furnished under a contract, charter, agreement or undertaking, where such carrier does not engage in or hold itself out to furnish service to the public generally."

"Class D" is defined to be:

"All motor carriers operating motor vehicles for distributing, delivering, or collecting oils, oil products, goods, wares, merchandise or commodities, where the remuneration for the transportation service is obtained indirectly and not based upon specific rates or charges as defined as applicable to class A, class B and class C motor carriers."

Defendant denies that it is a carrier for hire within either of the said classes, and whether it is such carrier depends upon the evidence submitted at the hearing. Such evidence shows that defendant is a corporation engaged in the sale and distribution of petroleum products, principally gasoline and kerosene oil; that such products are shipped into the state in tank cars and stored in storage tanks at various points in the state; that from such storage tanks said products are delivered, by means of tanks mounted on motor trucks, to service stations owned and operated by defendant, to service stations owned and operated by other parties, and to its customers in desired quantities. The evidence shows that in some cases these delivery tanks and trucks are owned wholly by defendant and operated by defendant's employees for wages. In other cases these delivery tanks and trucks are owned by defendant's agents, and operated by such agents upon a commission of a stated amount on the quantity of gas and oil sold. The evidence further shows that the price on all gas or oil sold from storage tanks and from delivery tanks is the same. If a customer wishes a quantity of gas or oil he may take his barrel or tank to one of defendant's storage tanks and have it filled and haul it away, or defendant will deliver it at his home or place of business, in town or out in the country, and there is no charge made for such delivery, and these prices prevail whether such products are

sold and delivered by defendant's employees, who work for wages, or by its agents, who sell and deliver on commission. Upon these facts the Board concluded that the defendant is a carrier for hire, that as to the business done by defendant's employees for wages defendant is a motor carrier under class D, and that as to the agents who work for a commission each of such agents is a motor carrier under class C; and upon such conclusion the Board entered an order directing and commanding defendant to comply with all the provisions of the law relating to class D motor carriers within 30 days. No disposition appears to have been made of class C carriers.

[2] It is urged by the defendant that the above conclusions of the Board are not supported by the evidence, and are, indeed, contrary to all the evidence in the case. To this the Board replies that under the law the findings and conclusions of the Board on questions of fact are final and not subject to review. There is such a provision of law. Section 4, c. 81, Sp. Sess. 1920, reads as follows:

"The review upon the writ shall not be extended further than to determine whether the Board of Railroad Commissioners has regularly pursued its authority, including the determination of whether the final order or decision under review violates any right of the petitioner under the Constitution or laws of the United States of America or of the state of South Dakota. The findings and conclusions of the Board on questions of fact shall be final and shall not be subject to review. Upon the hearing the Supreme Court shall enter judgment either affirming or setting aside the final order or decision of the Board."

[3] The effect of this provision is to make the decisions of the board in cases properly before it final. Whether the Legislature can in this manner deprive a party of his day in court it is not necessary here to determine. The findings and conclusions on questions of fact referred to in said section 4, c. 81, Sp. Sess. 1920, refers only to findings of fact based on the evidence in the case. In this case there is no evidence whatever proving or tending to prove that defendant is a "carrier for hire." The finding that defendant is a carrier for hire is a conclusion of law wholly unsupported by any proper finding of fact or any evidence in the

record. In order to support the conclusion that defendant is a carrier for hire, there must be evidence showing that defendant is equipped for carrying persons or property, and that it is engaged in carrying or offers to carry persons or property other than itself or its own property for a compensation in some form. The phrase "carry for hire," necessarily implies a contractual relation between the two parties, and the Legislature cannot, by mere legislative fiat, make a party a carrier for hire who never carries or offers to carry anything but himself or his own property, any more than it can make black white or white black. A person cannot hire himself nor pay himself.

[4] Chapter 224, Laws 1925, while differently worded, is closely modeled after the Iowa law (chapter 97, Laws 1923, amended by chapter 2, Laws Ex. Sess. 1924). That law was under consideration by the Iowa court in State v. Manhattan Oil Co., 199 Iowa 1213, 203 N. W. 301. In that case the court, speaking of the title to the act, says:

"The title makes no reference to motor carriers except those engaged in the transportation of persons or property for hire over the public highways of the state. No reference is made in the title to motor carriers not for hire, of which the defendant is one, and therefore, as to the defendant, the act is void."

That is equally true in this case as applied to chapter 224, Laws 1925. The title makes no reference to carriers other than carriers for hire, and even the definition of the phrase "for hire" contained in the act is not broad enough to include the operations of defendant as shown by the evidence. The law is therefore void as to such operations.

Judgment will be entered setting aside the final order of the Board.

Note.—Reported in 207 N. W. 92. See, Headnote (1), American Key-Numbered Digest, Statutes, Key-No. 113(3), 36 Cyc. 1050; (2) Public service commissions, Key-No. 18, Carriers, 10 C. J. Sec. 41; (3) Automobiles, Key-No. 76, Carriers, 10 C. J. Sec. 15; (4) Statutes, Key-No. 113(3), 36 Cyc. 1049.

Persons or company operating passenger automobile for hire as a common carrier, see note in L. R. A. 1918F, 468.