GRIFFIN, Petitioner, v. MURPHY et al, State Board of Railroad Commissioners, Respondents.

(211 N. W. 804.)

(File No. 6398.   Opinion filed January 28, 1927.)

Carriers—One Delivering Oil for Employer in Employer's Tank on His Own Truck on Commission Basis Is Not "Carrier for Hire" (Laws 1925, c. 224).

One employed by oil company to sell oil and gasoline on commission basis, and incidentally to deliver products sold, using own truck, on which employer's tank is mounted, and carrying nothing but employer's products, is not "carrier for

hire," within Laws 1925, c. 224, relating to Class C motor carriers.

Note.—See, Headnote (1), American Key-Numbered Digest, Carriers, Key-No. 3, 10 C. J. Sec. 4.

Certiorari to the State Board of Railroad Commissioners.

In the matter of the investigation of the practice and operation of John B. Griffin of Pierre, S. D., relating to the transportation of gasoline, oils, and like commodities, John J. Murphy and others, as the Board of Railroad Commissioners of the State of South Dakota, ordered said Griffin to comply with the law as a class C motor carrier, and he brings certiorari. Final order of Board set aside.

*McNamee, O'Keeffe & Stephens,* of Pierre, for Petitioner.

*Buell F. Jones,* Attorney General, and *Raymond L. Dillman,* Assistant Attorney General, for Respondents.

POLLEY, J. This proceeding was originated by the board of railroad commissioners, under the provisions of chapter 224, Laws 1925, and is similar in all respects to Murphy et al v. Standard Oil Co., 49 S. D. 197, 207 N. W. 92, except that in that case "class D carriers" was involved, while in this case "class C" is under consideration. The facts relative to the Standard Oil Company and its method of doing business are the same in this case as in that, and reference is made to that case for a statement of the facts in this.

In this case the petitioner, John B. Griffin, is the agent of the Standard Oil Company in charge of its tank station in the city of Pierre. As such agent it is his duty to act as general manager of the company's said station, to sell and deliver oil and oil products, to collect money, to make reports, to keep books, to pay for the use of the telephone, and to pay for the light and fuel necessary for the operation of said station. For the purpose of making deliveries of gas, oil, and other products sold, Griffin owns a Ford truck, on which is mounted an oil tank owned by the company, and under the terms of his contract with the company he is not allowed to do any hauling or delivering for any other person or company. With this truck and tank, Griffin delivers oil and other products sold by him for the company, in town and out in the country, in quantities to suit the purchaser, as explained in Murphy

v. Standard Oil Co., supra. And whether such gas or oil is delivered within or without the city limits makes no difference in the price paid by the purchaser, as in said Murphy v. Standard Oil Co. If a customer wishes a quantity of gas or oil, he may take his barrel or tank to the company's storage tank and have it filled, and haul it away himself, or petitioner will deliver it at his home or place of business, in town or out in the country, and there is no charge for such delivery. As his compensation for all of the above enumerated duties ,and expense incurred, Griffin receives a commission of 1 cent per gallon on all gas or oil delivered within the city limits, and 2.8 cents per gallon on all gas or oil delivered outside of the city limits.

Upon the foregoing facts the board found as a matter of law that the petitioner is a class C motor carrier, and entered an order commanding him to comply with the provisoins of chapter 224, Laws 1925, relating to class C motor carriers. The matter is before us upon a writ of certiorari directed to the board.

It is contended by petitioner that the facts shown by this record do not bring him within the provisions of chapter 224. It will be noted by an examination of the title to this law that it is limited to regulation and control of motor "carriers for hire." In Murphy v. Standard Oil Co., supra, we said:

"In order to support the conclusion that defendant is a carrier for hire, there must be evidence showing that the defendant is equipped for carrying persons or property, and that it is engaged in carrying or offers to carry persons or property other than itself or its own property for a compensation in some form."

We do not believe that the facts in this record bring the petitioner within this definition of a "carrier for hire." He is an employee of the Standard Oil Company. He is employed to look after and manage its tank station in Pierre; primarily to sell gasoline and kerosene oil and other products, and incidentally to deliver such products to the purchaser, in town or out in the country. It is true he owns the truck on which the oil tank is mounted, and pays for the light and fuel he uses, and the telephone; but he does not hold himself out as a carrier, either public or private. He is not equipped for carrying persons at all, and the tank he uses for the delivery of gasoline and oil belongs to the Standard Oil Company, and can be used for the delivery of that company's products

only.  And the fact that the amount of his compensation is based upon the quantity of merchandise he sells does not change the character of his occupation.

Judgment will be entered, setting aside the final order of the board.