# Kroger Grocery & Baking Company v. City of Cynthiana et al.

(Decided October 23, 1931.)

HANSON PETERSON and NICHOLS, MORRILL, WOOD, MARX & GINTER for appellant.

CHESTER M. JEWITT and W. W. VAN DEREN for appellees.

STOLL, MUIR, TOWNSEND & PARK and JAMES C. GRAYDON amicus curiae.

OPINION OF THE COURT BY JUDGE THOMAS—Reversing.

The board of councilmen of the city of Cynthiana, a city of the fourth class, on June 29, 1930, passed an ordinance which was denominated "Truck Ordinance." Its title said: "An Ordinance Regulating and Fixing a License upon Trucks used in the City of Cynthiana and Providing a Penalty for the Violation Thereof." Omitting the ordaining clause, it reads:

"1st. That it shall be unlawful for any person, persons, firm or corporation to own or operate a motor truck for hire or compensation over any of the streets of the City of Cynthiana without first

procuring a license so to do from the clerk of the said city.

"2nd: The Clerk is ordered and directed to issue license to each applicant or owner of auto truck, or auto truck owners, or operators only upon the following schedule: To any persons, firm or corporation engaged in the Express business and operating one truck for the delivery of goods, wares and merchandise from city to city in, to or through the city of Cynthiana, a license per annum payable in advance for the remainder of the year 1930 for the sum of $25.00, thereafter from and after the 1st day of January, 1931, for the sum of $25.00 annually in advance, for each firm, company or corporation operating two (2) or more trucks the license shall be double the above amount.

"To any persons, firm or corporation engaging in a business in any other locality than the city of Cynthiana who shall make deliveries of their products or merchandise by motor truck in the City of Cynthiana shall pay a license per annum payable in advance for the remander of the year 1930 and the sum of $50.00, thereafter, from and after the 1st day of January, 1931, the sum of $50.00 payable in advance.

"To any person, firm or corporation engaging in business in any other locality other than the city of Cynthiana and who makes delivery within the corporate limits of the city of Cynthiana, upon orders for such goods taken upon the same day that delivery is made shall be charged a license per annum payable in advance for the reained of the year 1930 the sum of $5.00, thereafter, from and after the 1st day of January, 1931, the sum of $50.00 annually in advance.

"However, nothing herein shall be construed to mean the delivery of cattle, stock or farm produce brought to the city of Cynthiana for the purpose of sale, and upon which there is no license. Nor nothing herein shall affect the license now in force upon the merchants doing business and using a truck in their business in the city of Cynthiana.

"Any one found guilty of violating this ordinance shall be fined not less than $10.00 nor more than $25.00 and each day such truck is operated with-

out first procuring a license so to do shall be considered a separate offense.

"This ordinance shall take effect from and after its passage, approval and publication as required by law.

"All ordinances and parts of ordinances in conflict herewith are hereby repealed."

At that time, and continuously since then, the appellant and plaintiff below, Kroger Grocery & Baking Company, was a corporation engaged in operating retail grocery stores located at various points in Kentucky and other states. Its method of conducting its business included the maintenance of a centralized warehouse located in the city of Cincinnati, Ohio, wherein it assembled and stored large quantities of supplies for its various retail stores surrounding that central point. It also owned a fleet of trucks with the aid of which it transported supplies from its central storeroom, or warehouse in Cincinnati, to its accessible retail stores situated in Kentucky and elsewhere, and such transporting trips would be made as often as was necessary to keep retail stores supplied. Most generally each retail store gives advance instructions to those in charge of the distributing warehouse in Cincinnati of the requirements of that particular store, and the order is then filled in the manner indicated; one truck being sufficient to supply a number of retail stores by leaving Cincinnati in the morning and returning in the late afternoon. No freight of any kind for others was or is transported in any of plaintiff's trucks on any of the trips from and returning to Cincinnati. Plaintiff operated two retail stores in the city of Cynthiana and supplies them in the manner stated, and which necessarily involved the use of some of the streets in that city by the truck or trucks so employed. At the time of the passage of the ordinance, plaintiff had paid all ad valorem and other taxes demanded of it by the city. After the ordinance took effect, it declined to pay the $50 license fee exacted of it in the ordinance (after payment was demanded by the city authorities), and the driver of one of its trucks was arrested and taken before the defendant J .G. Van Deren, the police judge of the city of Cynthiana. This action was then filed by plaintiff against the city and its police judge to enjoin the trial of its driver upon the charge for which he was arrested,

and to enjoin the city from enforcing or attempting to enforce the ordinance against it upon the grounds:

(1) That the ordinance by its express terms did not apply to plaintiff, since it was not embraced therein; (2) that if mistaken in ground 1, then the involved ordinance, in view of a prior one levying a graduated license on trucks operated by local merchants whose only stores were within the corporate limits of the city (the maximum of which was $15), arbitrarily and unlawfully discriminated against plaintiff, solely because it operated stores at places outside of the corporate limits of Cynthiana, thus violating the fundamental principles of uniformity of taxation required by sections 171 and 181 of our Constitution; (3) that because of such arbitrary and unlawful discrimination (attempted to be based solely upon the fact that plaintiff operated such outside store or stores), an enforced compliance with the ordinance by it would deprive it of its property without due process of law, and would also deny to it the equal protection of the laws, and of the equal enjoyment of the same privileges and immunities accorded to residents within the city engaged in the same business, and which rights are guaranteed to it by certain provisions of the Federal Constitution; (4) that since plaintiff is a nonresident of this state, and since the goods that it had theretofore and was intending to transport with the truck or trucks attempted to be taxed by the city of Cynthiana, were property in interstate commerce, the city had no right to burden such commerce by levying the tax imposed by the ordinance; and (5) that the city had no right to levy against it the amount to be exacted by the ordinance, or any other sum, because it was and is exempt therefrom under section 2739g-5 of our present Statutes, which is what is commonly known as our "Reciprocity Statute," relating to the operation of motor vehicles within this state by residents of other states. The court sustained the demurrer filed by defendants to the petition as amended, and upon plaintiff declining to plead further its action was dismissed, to reverse which it prosecutes this appeal.

In view of our conclusions on ground 1, which are herein discussed and stated in the disposition of that ground, it becomes unnecessary to dispose of any of the other grounds, though it is earnestly insisted by counsel for plaintiff and those filing amicus curiae briefs that we do so. But in view of the fact that a regular session

of the Kentucky Legislature is not far distant, and at which, in all probability, our motor vehicle statutes will be materially altered and changed, we have concluded to pass all of the grounds relied on except No. 1, with the remark that there appear to be persuasive reasons in support of them, and especially so as to Nos. 2, 3, and 4.

It is argued in support of ground 1: (a) That the ordinance by its express terms attempts only to tax trucks that are operated upon or over the streets of Cynthiana "for hire or compensation," and that plaintiff does not so operate any of its trucks, but employs them solely in prosecuting its individual business; and (b) that by the express terms of that part of the ordinance attempting to embrace plaintiff's trucks the owners of them, before becoming amenable to the ordinance, must be engaged in a business "in any other locality than the city of Cynthiana," and that, since plaintiff operates stores in the prosecution of its business both *in* the corporate limits of Cynthiana and *outside* of it, the ordinary meaning of the quoted language is to exclude it and render it exempt from the exacted fees and tax imposed by the ordinance. It is our conclusion that both of those arguments are sound.

Argument (a) is sought to be avoided by a counter one made by learned counsel representing the defendants to the effect that, while plaintiff might not be operating its trucks for "hire", it is certainly, as counsel contends, operating them for "compensation", and which consists in the difference, in amount, between what it cost plaintiff to operate its own trucks in the performance of the services rendered, and the cost to it if it should hire others to perform the same services in the same way. Differently stated, the argument is that, unless it was remunerated in the way and manner expressed, it would abandon such operation and procure its goods to be transported by a common carrier. That argument, though specious, possesses some plausibility. But upon analysis and closer scrutiny it is found to be unsound. In a remote sense the advantage, benefit, or profit reaped and obtained by plaintiff through the operation of its own trucks to transport its goods, over and above what it would have to pay a common carrier for the same services, might be classified as, and embraced in, the word "compensation"; but in construing statutes, ordinances, and other writings words are to be given their usual and ordinarily understood meaning, unless there is something

in the context indicating a contrary intent on the part of those employing them.

There is nothing in the language of the ordinance under consideration indicating any purpose on the part of those who enacted it to attach to the word "compensation" any other meaning than its usual and ordinary one. On the contrary, its close connection with the word "hire" would seem to indicate that it was the intention and purpose in appropriating the word "compensation" to refer to the *reward* received by the one who was hired from the one who hired him, and that it was not the intention to broaden the true definition of *compensation* so as to incdlude all benefits, advantages, or profits that might accrue to one who operated his own trucks instead of hiring and compensating others to perform the same services. The text in 12 C. J. 229, gives a comprehensive definition of the word "compensation," and the gist of all of it is almost if not entirely synonymous with "consideration." It is so expressed in that text, and the predominating idea running throughout the definition as given in the text is that *compensation* is an equivalent given by one to another as a quid pro quo for an injury done, or for property taken from another, or for property sold accompanied with a change of possession and title; all of which indicates that the true legal definition of "compensation" is "that return which is given for something else." It will thus be seen that the term "compensation" in law primarily applies to a transaction between two or more persons and does not enter into or arise from a unilateral transaction, purpose, or policy of one person alone in the prosecution of his individual enterprise or undertaking. The remuneration received from pursuing such a course is more appropriately designated as profits, benefits, or gain, than as compensation, since the usual and ordinary meaning of the latter is that which is received by one person from another in extinguishment of a claim forming the basis of a legal demand.

In substantiation of what we have said is the opinion of the Supreme Court of South Dakota in the case of City of Sioux Falls v. Collins, 43 S. D. 311, 178 N. W. 950, 951. The ordinance there involved was a license truck ordinance similar to the Cynthiana one and by its terms it was made applicable to those who operated trucks for "hire or reward." In holding that it did not apply to the appellee in that case, who was a baker and

operated his truck solely in the prosecution of his business, the court said:

"In this case appellant was operating his motor truck for the sole purpose of delivering the product of his bakery to his customers. He was not operating it for hire or reward. 'For hire or reward', as used in these ordinances, means to transport passengers or the property of other persons than the owner or operator of such truck for a reward or stipend, to be paid by such passengers or the persons for whom such property is transported to the person owning or operating the truck. The manner in which appellant was operating his motor truck does not bring him within the meaning of these ordinances, and the prosecution should have been dismissed."

We have carefully examined and analyzed the definitions given to the word "compensation" by Mr. Webster, as well as by Mr. Bouvier, Mr. Black, and other lexicographers, and find nothing in them militating against the usual and ordinary definition of the word as hereinbefore outlined, and there being nothing, we repeat, in the ordinance to indicate that any other meaning was intended to be attached to the word by the framers of the ordinance, we conclude that this argument should be overruled.

But little need be said in disposing of argument (b). By the very language of the ordinance, contained in that part of it intended to embrace plaintiff, it will be found that if the one intended to be taxed is engaged in business in the city of Cynthiana he is not embraced within the ordinance, although engaged in business in a place or places outside of the city. In other words, the language "engaged in business in any other locality other than the city of Cynthiana" plainly excludes one who is engaged in business within the city, the one class embracing all of those whose business is conducted within the city, and the other embracing those conducting business exclusively outside of the city, and it was the latter class that was attempted to be reached by the attacked provisions of the ordinance. It was averred in the petition as amended, and which was admitted by the demurrer, that plaintiff operated stores both within and without the corporate limits of Cynthiana, and which excluded its truck or trucks from liability for the $50 license fee attempted to be imposed upon it or them, and at most

would render plaintiff liable only for the license fee under the graduated scale as enacted in the prior ordinance applicable to resident merchants. Plaintiff, therefore, not being subject to the tax demanded, its driver did not commit the offense for which he was arrested, and the court erred in not sustaining this ground.

Wherefore, for the reasons stated, the judgment is reversed, with directions to set it aside and to overrule the demurrer to the petition and to its amendments, and for proceedings consistent with this opinion.

Whole court sitting.