56 P.(2d) 1121

ROUNTREE et al. v. STATE CORPORA-
TION COMMISSION et al.

No. 4179.

Supreme Court of New Mexico.

March 30, 1936.

Frank H. Patton, Atty. Gen., for appellants.

W. C. Whatley, of Las Cruces, for appellees.

BRICE, Justice.

From a decree enjoining the appellants from interfering with appellees in operating trucks for the transportation of their own goods over the highways of New Mexico, this appeal has been prosecuted.

The essential facts as stipulated by the parties are as follows: The appellees operate trucks over the highways of New Mexico for the purpose of transporting their own property for sale. Each of the appellees is engaged in the mercantile business and operates his trucks for the transportation of his own property as an incident to his principal business, that of buying merchandise and transporting it to distant places in the state over state highways to be sold at the market price at the destination. The cost of transportation is charged to general overhead expense, and no specific charge is made therefor to the purchaser or added to the price. No property of others is carried for hire or otherwise. Each of the appellees has customers to whom he transports merchandise and whom he knows beforehand will purchase it; but the quantity and price are not fixed in advance of the transportation.

The sole question is whether or not the business of appellees in the transportation of their own goods is such that they are subject to regulation under chapter 154 of the New Mexico Session Laws of 1933, enacted, as the title states, for the supervision and regulation of the transportation by motor vehicles for hire over the public highways of the state of New Mexico. In other words, are appellees under the stipulated facts "contract motor carriers of property" as defined by section 14 of the act? It is conceded that the appellees are not common carriers, and therefore we are not concerned with article 2 of the act (sections 2–13), which deals only with common carriers; but it is claimed by appellants that appellees are contract carriers and are subject to regulation under article 3 thereof (sections 14–24). Section 14 of the act defines a contract motor carrier of property as follows: "Sec. 14. (a) The term 'contract motor carrier of property,' when used in this Act, shall mean any person engaged in the transportation by motor vehicle of property for hire and not included in the term 'common motor carrier of property' as hereinbefore defined."

Section 16 of the act is as follows: "No contract motor carrier of property or passengers shall operate any motor vehicle for the transportation of either persons or property for compensation on any public highways in the State, except in accordance with the provisions of this Act."

Appellants call attention to the difference between section 16, applying to contract motor carriers of property, and section 5, applying to common carriers; the latter is as follows: "No common motor carrier of property or passengers shall operate any motor vehicle for the transportation of either persons or property for hire on any public highway in this state

154

except in accordance with the provisions of this Act."

The former prohibits contract motor carriers of property or passengers from operating motor vehicles for compensation except as provided by the act; whereas by section 5 common carriers are prohibited from transporting either persons or property for hire on the public highways except as provided by the act. Appellants contend that the word "compensation" in section 16 indicates an intent on the part of the Legislature to differentiate between the two classes of carriers, so that "contract motor carriers" are within the act if they are compensated, whether by hire or otherwise, for the transportation of property. The argument is that, as the overhead charges are increased to the extent of the cost of transportation, which must be added to the price of goods to meet the market, compensation is paid for such transportation.

▮ 1. Compensation "for hire" must necessarily be paid by one who hires, so in transporting his own goods a carrier does not come within the statutory definition of "contract motor carrier for hire," as no one "hires" him. Christie Transfer & Storage Co. v. Hatch et al., 95 Mont. 601, 28 P.(2d) 470; Murphy et al. v. Standard Oil Co., 49 S.D. 197, 207 N.W. 92.

2. The appellants argue that section 14 of the act, when considered with section 16 (both quoted), indicates that the legislative intent was to give to the word "hire" the sense and meaning of "compensation." From a consideration of the two sections mentioned, it is thought that the opposite is true; that is, the "compensation" mentioned in section 16 refers to that received "for hire" mentioned in section 14. The two are consistent when so construed, but we must change the word "hire" in section 14 to "compensation" if appellants' views are to prevail. If we had any doubt as to the legislative intent from the wording of the statutes, it would be dispelled by reference to the title of the act, in which it appears that only business of transportation by motor vehicle for hire is regulated. Christie Transfer & Storage Co. v. Hatch et al., supra; Murphy et al. v. Standard Oil Co., supra; City of Sioux Falls v. Collins, 43 S.D. 311, 178 N.W. 950, 951. The distinction between the business of transporting property for hire and that "for compensation" is recognized by the courts, but the cases do not apply here.

▮ 3. Assuming that appellants' construction of the act under consideration is correct, the facts stipulated do not warrant a holding that appellee is engaged in the transportation of property for "compensation." Appellees sell their own goods at the market price at the place of destination, and the cost of transportation is charged to overhead expense. No specific charges are made for transportation or specific amount added to the price of merchandise therefor. In such case they do not transport property for compensation.

A like question was before the Supreme Court of Oklahoma in Collins-Dietz-Morris Co. v. State Corporation Commission, 154 Okl. 121, 7 P.(2d) 123, 129, 80 A.L.R. 561. The Oklahoma statute has the words "compensation for hire" where we have "hire." In passing upon a similar question the Oklahoma court stated: "In the first instance, the cost of the delivery service, having been charged to the general overhead expenses of the business, can no more be considered as a charge against the purchaser of goods than the cost of any other expense of operating the business. Had the intention of the Legislature been to include such a transaction, there would have been no reason for the use of the language used in the act. The act was intended to apply only to those who transport for 'compensation,' and was not intended to embrace that class of transportation where goods are sold for a fixed price or conveyed merely as an incident to the sale, and where the price of the goods is not dependent upon whether or not they are delivered."

The court then held that, if the cost of transportation had been added to the price of articles delivered, it would have come within the statute. This likewise seems to be the conclusion of the Court of Civil Appeals of Texas in Smith et al. v. New Way Lumber Co., 84 S.W.(2d) 1104. In the latter case a specific charge was added to the price for hauling. This was held to be "compensation" within the statute of Texas, which has the words "compensation and hire" where the word "hire" is used in the New Mexico statute. That case, however, approved the holding of the Oklahoma court in the case cited as clearly stating the law. The Kentucky statute provides that those operating trucks for "hire or compensation" must obtain a license. The Kentucky Supreme Court in Kroger, etc., Co. v. City of Cynthiana et al., 240 Ky. 701, 42 S.W.(2d) 904, held that the statute contemplated transactions between two or more persons, and did not apply to one transporting his own property. The same in substance was held in City of Sioux Falls v. Collins, supra, in which a similar statute was applicable to those who operated trucks for "hire or reward." The court stated: "In this case appellant was operating his motor truck for the sole purpose of delivering the product of his bakery to his customers. He was not operating it for hire or reward. 'For hire or reward,' as used in these ordinances, means to transport passengers or the property of other persons than the owner or operator of such truck for a reward or stipend, to be paid by such passengers or the persons for whom such property is transported to the person owning or operating the truck."

The California statute has the word "compensation" where the New Mexico statute has "hire." It was construed in Holmes et al. v. Railroad Commission, 197 Cal. 627, 242 P. 486, 487. The appellants in that case were engaged in operating three motortrucks in the transportation of merchandise from twenty-three wholesale houses in San Francisco to retailers in

near-by cities: "By each of these contracts the petitioners purported to lease their trucks to the shipper for use by the latter in transporting its merchandise from San Francisco to points in Santa Clara and San Mateo counties at an agreed rental of $19.50 per truck per day."

The contract further provided that, if the trucks were loaded only at part capacity, a corresponding reduction in cost should be made. The court stated: "It is apparent from the other provisions of these 'leases,' and from the manner in which they were performed by the parties, that they are nothing more than contracts for the transportation of merchandise for compensation," a mere subterfuge to defeat the law, but it is not like the case before the court.

We have found no authority supporting the contention of appellants. The judgment of the district court is affirmed and the cause remanded. It is so ordered.

SADLER, C. J., and HUDSPETH, BICKLEY, and ZINN, JJ., concur.