**INTERSTATE COMMERCE COMMISSION v. WOODALL FOOD PRODUCTS CO.**

No. 14560.

United States Court of Appeals
Fifth Circuit.

Nov. 6, 1953.

Gerald E. Jessup, Atty. Interstate Commerce Comm., Linton B. West, Atlanta, Ga., Leo H. Pou, Atty. Interstate Commerce Comm., Neil Brooks and Donald A. Campbell, Attys., U. S. Department of Agriculture, Washington, D. C., for appellant.

Ross Arnold, White, Douglas & Arnold, and Edward S. White, Atlanta, Ga., for appellee.

Joseph H. Blackshear, Gainesville, Ga., Allan Watkins, Atlanta, Ga., amici curiæ.

Before HUTCHESON, Chief Judge, and RUSSELL and RIVES, Circuit Judges.

HUTCHESON, Chief Judge.

Brought under Section 222(b) of the Interstate Commerce Act,[1] the suit sought an injunction to prevent the defendant from transporting dressed poultry by motor vehicle in interstate commerce.

The claim was that defendant, though having neither a certificate of public convenience and necessity as a common carrier, nor a permit as a contract carrier, and therefore not entitled to engage in the business of operating motor vehicles for hire, was in fact engaged in the interstate transportation of dressed poultry for hire in violation of Sections 206 (a) and 209(a) of the Act.[2]

The defenses in general were a denial that it has been engaged in the business of transporting dressed poultry for hire and a denial that its operations are in violation of the act. Particularized, its defenses Nos. One and Three, were that it has been and is engaged in buying and selling dressed poultry and as incident to such business it has leased trucks and transportation equipment with which it carries its poultry to market, and it is, therefore, operating as a private carrier by motor vehicle of its own goods within the meaning of Section 203(a) (17) of the act.[3] Its defense No. Two was that dressed poultry, the product it buys, sells, and carries, is an exempt agricultural commodity under Section 203(6) of the act.[4]

The cause proceeding to trial on the issues thus joined, the case was submitted on a stipulation, documentary evidence in the form of exhibits, and testimony in open court of six witnesses. The trial concluded, there were findings of fact and conclusions of law sustaining the first defense, an opinion by the district judge, note 1, supra, giving his reasons for judgment for the defendant, and a judgment in accordance therewith denying the injunction.

Appealing from the judgment, the Commission is here, by brief and oral argument, insisting that the court erred[5] in sustaining the first and third defenses and dismissing the complaint, and that we should reverse the judgment and direct an injunction to issue as prayed.

We cannot agree. On the contrary, a careful examination of the record and an appraisement of the evidence and its ef-

1. 49 U.S.C.A. § 322(b).

2. 49 U.S.C.A. §§ 306(a), 309(a).

3. 49 U.S.C. 303(a) (17).

4. 49 U.S.C. 303(b) (6).

5. As stated in detail, these are its claims of error:

(1) The court erred in concluding that the Woodall Company was and is neither a common carrier nor a contract carrier by motor vehicle within the meaning of Sections 203(a) (14) and 203(a) (15) of the Interstate Commerce Act, but was and is a private carrier of property by motor vehicle within the meaning of Section 203(a) (17) of said Interstate Commerce Act, 49 U.S.C.A. §§ 303 (a) (14), 303(a) (15), and 303(a) (17).

(2) The court erred in concluding that the Woodall Company transports its own property for the purpose of sale and in the furtherance of its own commercial enterprise as a private carrier.

(3) The court erred in finding that the Woodall Company owns the poultry which it transports in leased trucks; and that it assumes all the risks for credit, spoilage and loss and damage.

(4) The court erred in finding that the Woodall Company has no interest in transportation equipment and has never held itself out to the public as a carrier.

(5) The court erred in failing to give proper consideration and weight to the fact that Woodall Company's only substantial operating costs are in connection with its transportation services.

(6) The court erred in failing to give proper consideration and weight to the fact that the Woodall Company's charges for its services are based upon transportation costs and are on a par with the charges of authorized motor carriers for the same services.

(7) The court erred in failing to conclude that the Woodall Company in substance and reality is engaged primarily in the transportation of dressed poultry in interstate commerce, for compensation, as a common carrier or a contract carrier by motor vehicle.

fect convinces us: that the findings of fact of the district judge are not clearly erroneous; that indeed they find full and ample support in the record; that his conclusions of law were correctly arrived at; and that his judgment, for the reasons stated by him in his opinion, should be affirmed.

We are in agreement with the views of the district judge, that under the evidence the defendant is neither a common nor a contract carrier but a private carrier and as such it is not required to have either a certificate or a permit, and because of that agreement, have affirmed his judgment. We, therefore, as the district judge did, have found it unnecessary to determine the second question so earnestly and thoroughly briefed by the parties and especially by the Secretary of Agriculture as Amicus Curiae, whether dressed poultry, the product it carries, is an exempt agricultural commodity.

Affirmed.