431 P.2d 52

**McWOOD CORPORATION, a corporation, Plaintiff-Appellant,**

v.

**STATE CORPORATION COMMISSION of New Mexico, and Floyd Cross, Murray E. Morgan and Columbus Ferguson, Members of said Commission, Defendants-Appellees,**

**Western Oil Transportation Co., Inc., Defendant-Intervenor, Appellee.**

**No. 8043.**

Supreme Court of New Mexico.

May 8, 1967.

Rehearing Denied Sept. 11, 1967.

Montgomery, Federici & Andrews, Richard S. Morris, Santa Fe, Burr & Cooley, Farmington, Jack K. Currey, Abilene, for appellant.

Jones, Gallegos, Snead & Wertheim, Santa Fe, for intervenor-appellee.

Boston E. Witt, Atty. Gen., Myles E. Flint, Asst. Atty. Gen., Santa Fe, for appellees State Corporation Commission, etc.

OPINION

NOBLE, Justice.

McWood Corporation (hereafter termed McWood) sought review by the district court of an order of the State Corporation Commission (hereafter termed Commission), requiring McWood to cease and desist from transporting crude oil·for hire without a certificate of public convenience and necessity. That court reviewed the Commission's order in the manner provided by § 64–27–68, N.M.S.A.1953, concluded that the Commission's findings were supported by substantial evidence, and affirmed the order. This appeal followed.

■ At the outset, we call attention to McWood's contention that it was not given a full, fair and impartial hearing before the Commission. The view we take of other questions makes it unnecessary to resolve the merits of that point. However, we feel compelled to note that the trial court erred insofar as it found McWood's complaint in this respect to be without merit because "this was brought about, in part, by the activities of plaintiff in refusing to obey two subpoenas duces tecum." It is abundantly clear that McWood's failure to obey the Commission's subpoena could not justify the denial of a full, fair and impartial hearing. Obedience to the subpoena, if it properly called for production of records, could have been enforced by application to the district court. Sec. 64–27–41, N.M.S.A.1953. The Commission, however, apparently decided to proceed with the hearing without the records it had requested.

The Commission's authority under the Motor Carrier Act, § 64–27–1 et seq., N.M.S.A.1953, is expressly limited to the supervision and regulation of the transportation for hire of persons and property by motor vehicle over the public highways. Sec. 64–27–1, N.M.S.A.1953.

■ The term "for hire," as used in this context, was defined in Rountree v. State Corp. Comm'n, 40 N.M. 152, 56 P.2d 1121, as follows:

"Compensation 'for hire' must necessarily be paid by one who hires, so in transporting his own goods a carrier does not come within the statutory definition

of 'contract motor carrier for hire' as no one 'hires' him."

■ It is not disputed that McWood bought and sold all of the oil it is charged with having transported. The Commission, however, forcefully argues that if the purchase and sale of the commodity transported is a mere subterfuge to avoid the requirements of the Motor Carrier Act, the carriage may, nevertheless, be one "for hire" requiring a permit. Brooks Transp. Co. v. United States, 93 F.Supp. 517 (E.D.Va. 1950), first expressed the rule to be, generally, that the carriage is "for hire" if the primary business of the carrier is transportation of the goods, but that the carriage is private if its primary business is the sale of its own goods which the owner transports in furtherance of that business and the transportation is merely incidental thereto. The "primary business test" has been applied by other courts, reviewing orders of administrative agencies charged with the regulation and supervision of transportation, in determining whether a carriage by one transporting his own goods was private or for hire. See Taylor v. Interstate Commerce Comm'n, 209 F.2d 353 (9th Cir.1953); Interstate Commerce Comm'n v. Tank Car Oil Corp., 151 F.2d 834 (5th Cir.1945); Red Ball Motor Freight Lines, Inc. v. Shannon, 377 U.S. 311, 84 S.Ct. 1260, 12 L.Ed.2d 341. Rountree was decided upon a stipulation of the essential facts that the respondents transported only their own property as an incident to their principal business of marketing, and that they made no specific charges for transportation. In distinguishing Holmes v. Railroad Comm'n, 197 Cal. 627, 242 P. 486, Rountree pointed out that the lease contracts there involved, and the manner in which they were performed, made apparent the fact that they were "a mere subterfuge to defeat the law." Accordingly, we find nothing in Rountree preventing the application of the generally accepted "primary business" test to the case at bar.

■ The fact that title to the oil being transported was vested in McWood does not alone compel the conclusion that McWood was not a carrier for hire. Scott v. Interstate Commerce Comm'n, 213 F.2d 300 (10th Cir.1954); A. W. Stickle Co. v. Interstate Commerce Comm'n, 128 F.2d 155 (10th Cir.1942). The same can be said in regard to McWood's assertion it made no specific charge for transportation.

■ It remains to be determined, however, whether the Commission's findings applying the "primary business" theory are supported. We recognize that this court makes the same review of the proceeding before the administrative agency as did the district court. Such a review is limited to the record of the proceeding before the agency and is governed by the substantial-evidence rule. Ferguson-Steere Motor Co. v. State Corp. Comm'n, 62 N.M. 143, 306 P. 2d 637; Transcontinental Bus Sys. v. State Corp. Comm'n, 61 N.M. 369, 300 P.2d 948.

■ Substantial evidence was defined in Wilson v. Employment Sec. Comm'n, 74 N.M. 3, 389 P.2d 855, as:

> " * * * more than merely any evidence and more than a scintilla of evidence and contemplates such relevant legal evidence as a reasonable person might accept as sufficient to support a conclusion."

See, Consolidated Edison Co. of New York v. National L. R. Bd., 305 U.S. 197, 59 S.Ct. 206, 83 L.Ed. 126; Appalachian Elec. P. Co. v. National L. R. Bd., 93 F.2d 985 (4th Cir.1938). Certainly orders of administrative agencies cannot be justified without a basis in evidence having rational probative force. Concerning the quality of evidence required before the National Labor Relations Board, Mr. Chief Justice Hughes, speaking for the Supreme Court of the United States, in Consolidated Edison Co. of New York v. National L. R. Bd., supra, made it clear that mere uncorrobo-

322

rated hearsay or rumor cannot constitute substantial evidence.

In summary, the Commission found that McWood purchases crude oil at its place of production in this State, transports it by motor truck, and sells and delivers it to purchasers at refineries or pipelines. This much seems undisputed. The Commission went on, however, to make crucial evidentiary findings to the effect, (1) that McWood knows prior to any purchase of crude oil that a market is available, the location of this market, and the quantity and price at which it will sell the crude oil; (2) that the distance McWood will have to transport the oil to its place of sale is a principal factor in determining McWood's purchase price; and (3) that the difference between the purchase price and sale price is substantially related to the tariff price of certified carriers for the transportation of the oil. From these findings followed the Commission's finding 15:

"That the primary business, past and present, of McWood Corporation within the State of New Mexico was and is in the transportation of crude oil by motor vehicle for hire both in intrastate and interstate commerce."

To support these findings, it would be necessary to trace, by competent legal evidence, the purchase of specific crude oil from the place where it was loaded onto McWood trucks, to the person to whom it was delivered or sold, together with evidence of the price paid and the price received for that particular oil, and, in order to establish the tariff price, the number of miles the particular load of oil was transported.

■ Our review of the record in this case discloses evidence of the existence of certain contracts under which McWood was to purchase crude oil at specified prices, and of other contracts by which McWood agreed to sell specified quantities of crude oil to named customers at the posted price for such oil. There is a total

failure of evidence, however, to show that the oil contracted to be purchased was the same oil transported and sold under the other contracts, or the distance such oil was actually transported. Absent a tracing of specific loads of oil from purchase to sale and delivery by legally competent evidence, we are not persuaded that the Commission's findings in relation to McWood's primary business have the requisite foundation. Mere hearsay or rumor, and the testimony of "competitors" respecting the mode of operation of their own transportation for hire business does not constitute substantial evidence so as to support findings concerning the operation of McWood's business. See Consolidated Edison Co. of New York v. Nat'l L. R. Bd., supra; see, also, Red Ball Motor Freight Lines, Inc. v. Shannon, supra; Interstate Commerce Comm'n v. Woodall Food Products Co., 112 F.Supp. 639 (N.D.Ga.1953) aff'd 5 Cir., 207 F.2d 517.

■■ It would serve no useful purpose to lengthen this opinion by detailing the evidence. We are satisfied that the order of the Commission directed to McWood requiring it to cease and desist from transporting crude oil rested upon findings unsupported by substantial evidence, and that the district court erred in its conclusion that such findings are sustained by the evidence. Where the findings are not supported by substantial evidence, the order is neither lawful nor reasonable as required by § 64–27–68, supra. See Western Oil Transp. Co. v. State Corp. Comm'n, 67 N.M. 380, 355 P.2d 923. The judgment of the district court appealed from is, accordingly, reversed and the cause remanded with direction to vacate the judgment and to enter a new judgment disapproving the order of the Commission and directing that it be vacated.

It is so ordered.

CARMODY, J., and E. T. HENSLEY, Jr., C. J., Court of Appeals, concur.