602 P.2d 1026

LLOYD McKEE MOTORS, INC., a New Mexico Corporation, Plaintiff-Appellee,

v.

NEW MEXICO STATE CORPORATION COMMISSION, Defendant-Appellant, Malcolm Services, Inc., Gaede Shamrock and Wrecker Service, and Wrecker Conference, New Mexico Motor Carrier Association, Intervenors-Appellants.

No. 12473.

Supreme Court of New Mexico.

Nov. 21, 1979.

**540**

Jeff Bingaman, Atty. Gen., W. W. Royer, Asst. Atty. Gen., State Corp. Commission, Santa Fe, for appellant.

Jack Smith, Zeikus & Jacobson, Albuquerque, for intervenors-appellants.

Dickson & Dubois, Duane Keating, Jack A. Smith, Albuquerque, for appellee.

OPINION

SOSA, Chief Justice.

This is an appeal by the New Mexico State Corporation Commission (hereafter Commission) from a ruling by the First Judicial District Court that the Commission does not have jurisdiction to regulate a wrecker-towing service proposed by Lloyd McKee Motors, Inc. (hereafter McKee).

Two issues are presented. The first is whether the Commission has jurisdiction to regulate the wrecker service proposed by McKee. The second is whether, if the Commission does have jurisdiction over McKee's proposed operation, its orders denying McKee's application to operate a wrecker service were based upon substantial evidence. We conclude that the Commission does have jurisdiction over McKee's proposed operation and that it did base its orders on substantial evidence.

McKee filed an application for a Certificate of Public Convenience and Necessity (hereafter Certificate) with the Commission pursuant to the Motor Carrier Act, §§ 65–2–1 to 65–2–79, N.M.S.A.1978 (hereafter Motor Carrier Act). The application requested that the Commission authorize McKee to operate

a wrecker by an employee of Lloyd McKee Motors, Inc. for the purpose of transporting vehicles from points all over New Mexico to the premises of Lloyd McKee Motors, Inc., so that those vehicles might be serviced or repaired at that facility. In addition, Lloyd McKee Motors, Inc. intends to use its wrecker for the purpose of transporting vehicles to persons who may have purchased those vehicles from Lloyd McKee Motors, Inc.

A hearing was held on the application at which time it was amended to a request for a Permit to Operate as a Contract Carrier (hereafter Permit) pursuant to § 65–2–18, N.M.S.A.1978. On July 6, 1977, the Commission issued an order denying the application for a Permit. McKee then advised the Commission that it would conduct the wrecker operations anyway, unless restrained by a court or an appropriate order

by the Commission. On October 4, 1977 the Commission issued a second order to McKee prohibiting it from conducting the operation without a proper Certificate or Permit. McKee appealed both orders to the district court. The court determined that the Commission acted unlawfully because McKee's proposed operation was that of a private carrier not subject to regulation by the Commission. The Commission now appeals from the decision of the district court.

Our first inquiry is whether the Commission has authority to regulate a service such as that proposed by McKee. Article XI, Section 7 of the New Mexico Constitution provides that the Commission shall fix, determine, supervise, regulate and control all rates and charges of transportation and common carriers and determine all matters of public convenience and necessity as provided by law. The Motor Carrier Act gives the Commission authority to

supervise and regulate the transportation of persons and property by motor vehicle *for hire* upon or over the public highways of this state in all matters whether specifically mentioned herein or not so as to: (1) relieve the existing and all future undue burdens on the highway arising by reason of the use of the highways by motor vehicles; (2) protect the safety and welfare of the traveling and shipping public in their use of the highways; (3) carefully preserve, foster and regulate transportation and permit the coordination of transportation facilities. (Emphasis added.)

Section 65–2–1, N.M.S.A.1978.

The Motor Carrier Act then defines common carriers, § 65–2–2, contract carriers, § 65–2–13, but nowhere defines private carriers. Case law establishes, however, that a private carrier is one which is not for hire. *McWood Corporation v. State Corporation Commission*, 78 N.M. 319, 431 P.2d 52 (1967); *Rountree v. State Corporation Commission*, 40 N.M. 152, 56 P.2d 1121 (1936). A private carrier is accordingly not subject to regulation by the Commission. *Id.*

McKee claims that its proposed wrecker service is not for hire. It urges that we employ the "primary business test" as recognized by this Court in *McWood Corporation, supra*, to determine whether its proposed operations are for hire. In *McWood*, the Court stated

that the carriage is 'for hire' if the primary business of the carrier is transportation of the goods, but that the carriage is private if its primary business is the sale of its own goods which the owner transports in furtherance of that business and the transportation is merely incidental thereto. The 'primary business test' has been applied by other courts, reviewing orders of administrative agencies charged with the regulation and supervision of transportation, in determining whether a carriage by one transporting his *own goods* was private or for hire. (Citations omitted and emphasis added.)

78 N.M. at 321, 431 P.2d at 54.

Accordingly, the primary business test should be used only when title to the goods being transported is held by the carrier. *Red Ball Motor Freight v. Shannon*, 377 U.S. 311, 84 S.Ct. 1260, 12 L.Ed.2d 341 (1964); *Brooks Transp. v. United States*, 93 F.Supp. 517 (E.D.Va.1950). The test's purpose is to prevent a carrier from buying items solely for the reason of having title during transportation, then selling the items upon delivery, in order to be characterized as a private carrier. Such an operation would be "a mere subterfuge to defeat the law." *Rountree v. State Corporation Commission, supra*, at 40 N.M. at 156, 56 P.2d at 1123. In the case at bar it appears uncontroverted that title to the goods being transported will not belong to McKee. We therefore decline to use the primary business test.

Instead, when the carrier does not hold title to the goods, we look to the manner in which the carrier charges its customers and how the charges are determined. *Rountree v. State Corporation Commission, supra*. Here, much of the service would be devoted to customers who would pay McKee specifically for the tow. The charge would be dependent upon the distance travelled and the time of day. The service is available to anyone who desires to have their automobile worked on at McKee's facilities. We find it hard to characterize such an operation as being anything other than for hire. The operation proposed by McKee is subject to regulation by the Commission as authorized by the Motor Carrier Act.

Our second inquiry is whether the Commission based its findings upon substantial evidence. On appeal, this Court makes the same review of the administrative agency's determination as did the district court. The agency's determination must be based upon substantial evidence which appears in the record before the agency. *Rinker v. State Corporation Commission*, 84 N.M. 626, 506 P.2d 783 (1973). " 'Substantial evidence' means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. (Citations omitted.)" *Id.* at 627, 506 P.2d at 784.

The Commission's first order denied McKee's application for a Permit based upon the finding that the "applicant did not furnish a proposed contract as required for a Contract Motor Carrier applicant." We find that this is a proper basis for denial, and that there is substantial evidence in the record to support such a finding. The form which McKee introduced as evidence of a contract was not a contract. Thus, the first order was proper. The second order addressed only the jurisdictional issue, which we have already discussed.

The order of the district court is hereby reversed and the cause is remanded for affirmance of the Commission's orders.

PAYNE and FELTER, JJ., concur.