352 P.2d 245

**TRANSCONTINENTAL BUS SYSTEM, INC., Plaintiff-Appellee,**

v.

**STATE CORPORATION COMMISSION, John Block, Jr., Ingram B. Pickett, and James F. Lamb, Members of said Commission; and Geronimo Lines, Inc., Defendants-Appellants.**

No. 6508.

Supreme Court of New Mexico.

Dec. 30, 1959.

Rehearing Denied June 9, 1960.

Hilton A. Dickson, Jr., Atty. Gen., Patricio S. Sanchez, Sp. Asst. Atty. Gen., for State Corporation Commission.

Jethro S. Vaught, Jr., Albuquerque, for Geronimo Lines, Inc.

Manuel A. Sanchez, Melvin T. Yost, Santa Fe, for appellee.

COMPTON, Justice.

Appellee, Transcontinental Bus System, Inc., operator of a bus line for the transportation of passengers and express over U. S. Highway 85 between Albuquerque, New Mexico, and El Paso, Texas, protested the application of Geronimo Lines, Inc. for an extension of its certificate to transport passengers, baggage, express, etc. between Truth or Consequences, New Mexico, and Albuquerque, New Mexico, and, having been unsuccessful, commenced this action pursuant to the provision of § 64–27–68, 1953 Comp., to vacate the order of the Commission because it was unlawful and unreasonable.

Geronimo Lines, being an interested party, was joined as a defendant. Issue was joined on all matters of substance and, at the conclusion of the hearing, the trial court concluded that the order granting the extension was unlawful and unreasonable, and, from a judgment vacating the same, Geronimo appeals.

We pause to make the observation that this has been an endless battle for years between Transcontinental and Geronimo, the controversy now having reached us for the fifth time. State ex rel. Transcontinental Bus Service, Inc. v. Carmody, 53 N.M. 367, 208 P.2d 1073; Transcontinental Bus System, Inc. v. State Corporation Commission, 56 N.M. 158, 241 P.2d 829; Transcontinental Bus System, Inc. v. State Corporation Commission, 61 N.M. 369, 300 P.2d 948; State ex rel. State Corporation Commission v. McCulloh, 63 N.M. 436, 321 P.2d 207.

The pertinent provisions of the Commission's Order read:

"Now, Therefore, It Is Ordered that Geronimo Lines, Inc. be and it hereby is granted an extension to Certificate of Public Convenience and Necessity No. 624 to operate a motor carrier service as follows:

"Transportation of passengers, baggage, express, newspapers, and U. S. Mail (in the same vehicle) between Truth or Consequences, New Mexico,

and Albuquerque, New Mexico and intermediate points serving off-route points within a radius of one mile of U. S. Highways No. 60 and 85 and New Mexico State Highways No. 47 and 6 and farm-to-market routes with restricted passenger service between Isleta, New Mexico and Albuquerque, New Mexico on U. S. Highway 85, over regular routes, under scheduled service, and as more fully described as follows:

"1. From Truth or Consequences, New Mexico, to Albuquerque, and intermediate points via U. S. Highway No. 85.

"2. Between Truth or Consequences, New Mexico, to Socorro, New Mexico via U. S. Highway No. 85, serving San Antonio and Luis Lopez.

"3. Between Socorro, New Mexico and the intersection of U. S. Highway No. 60 and its junction with New Mexico State Highway No. 47 near Bernardo, New Mexico.

"4. Between the junction of U. S. Highway No. 60 and New Mexico State Highway No. 47, and Belen on State Highway No. 47 and the farm-to-market road serving Jarales and Veguita using State Road No. 6 for serving Belen.

"5. Between Belen, New Mexico, and Los Lunas, New Mexico via State Highway No. 47 using State Highway No. 6 for serving Los Lunas.

"6. Between Los Lunas, New Mexico and Albuquerque, New Mexico, via New Mexico State Highway No. 47, as well as via New Mexico State Highway No. 47 to Mountain View and Second Street S. W. from Mountain View to Albuquerque."

The Commission made numerous findings, largely evidentiary findings. The ultimate and material findings of the Commission are:

"(3) That portions of the route sought to be served by the applicant, to-wit: Portions of the territory between Belen, New Mexico, and Bernardo, New Mexico, and portions of the route between Socorro, New Mexico, and San Antonio, New Mexico, are not presently served by any motor carrier service.

"(4) That there is substantial and satisfactoy evidence in the record in the above-entitled and numbered cause from users, and as to the needs of the public as a whole, that the areas mentioned in Finding Number 3 hereof are in need of motor carrier service; that public convenience and necessity requires such service in said areas; and that existing transportation facilities in such areas are not reasonably adequate.

"(5) That applicant is fit, willing and financially able to conduct the proposed operation.

\*   \*   \*   \*   \*   \*

"(16) That there is substantial and satisfactory evidence in the record given by users in the area sought to be served to establish that public convenience and necessity requires the proposed operation and that existing transportation facilities in the area sought to be served are not reasonably adequate.

"(17) That there is substantial and satisfactory evidence in the record given by witnesses competent to testify as to the public need, as distinguished from the needs of individual users, to establish that public convenience and necessity requires the proposed operation and that existing transportation facilities in the area sought to be served are not reasonably adequate.

\*   \*   \*   \*   \*   \*

"(37) That the evidence establishes that public convenience and necessity require the proposed service.

"(38) That the evidence establishes that the service furnished by the existing transportation facility in the area sought to be served is not reasonably adequate."

The trial court made findings of fact to the contrary, only one of which may be considered, as the facts had been previously determined. The essential finding reads:

"22. That said Order of the Commission dated July 17, 1957, is not supported by substantial evidence in the record of the proceedings before the Commission."

The parties are in accord, and correctly so, that this appeal must be disposed of solely on the record made before the Commission. They further agree that in reviewing the actions of the Commission, the trial court was limited to a single determination whether the Commission's order was lawful and reasonable, that is whether the order of the Commission was supported by substantial and competent evidence. Garrett Freight Lines, Inc. v. State Corporation Commission, 63 N.M. 48, 312 P.2d 1061; Ferguson-Steere Motor Co. v. State Corporation Commission, 63 N.M. 137, 314 P.2d 894.

The functions of the Commission are legislative and that of the court judicial, so on review our jurisdiction is likewise limited to a determination whether the evidence before the Commission, and upon which the order was based, is substantial in character. If the evidence is found to be substantial it follows the order of the Commission is both legal and reasonable and the judgment must be reversed, otherwise, it must be affirmed. Ferguson-Steere

Motor Co. v. State Corporation Commission, supra.

■ Bearing in mind the foregoing rules, we approach a most difficult task of evaluating a record consisting literally of thousands of pages of testimony, exhibits, etc. The record is so voluminous, we will not attempt to detail the testimony. It is sufficient to say that at the hearing before the Commission some 275 witnesses testified both pro and con, thereby presenting a direct conflict in the evidence; nevertheless, the record is replete with substantial evidence of probative value as to public need for the services proposed by Geronimo, and that the services then being furnished by Transcontinental were not reasonably adequate. That the Commission could well have reached a different conclusion is beside the point; the Commission believed Geronimo's witnesses.

Transcontinental concedes that Geronimo made out a case on direct examination but contends that the answers of its witnesses on cross-examination so discredit their testimony as to render the evidence unsubstantial. We have given careful consideration to this contention and conclude that the testimony of the witnesses, considered as a whole, affords a sufficient basis for the Commission's order, notwithstanding the cross-examination may have lessened the impact of the direct examination.

The further argument is made that the evidence before the Commission establishes a case not substantially different from that of Transcontinental Bus System v. State Corporation Commission, 61 N.M. 369, 300 P.2d 948, supra, wherein the order of the Commission was held unlawful and unreasonable. The argument cannot be sustained. There is substantial evidence that portions of the route involved were not then being served by any motor carrier service whatever. Further, that case was disposed of on conditions existing in 1955. In 1957, conditions were different. The evidence in behalf of the applicant clearly shows that the economy of the areas to be served is necessarily dependent upon transportation, and that the service being rendered by Transcontinental was inadequate.

We conclude that the order of the Commission is supported by substantial and competent evidence. This conclusion renders unnecessary a discussion of other questions raised by the parties. The judgment will be reversed with directions to the lower court to enter an order dismissing appellee's complaint.

It is so ordered.

LUJAN, C. J., and CARMODY and MOISE, JJ., concur.

McGHEE, J., not participating.