355 P.2d 923

WESTERN OIL TRANSPORTATION CO.,
Inc., Fred Rogers Trucking Company, Inc.,
Barlow's Service, Inc., and F. H. Tompkins,
Jr., d/b/a Box Bar Transportation, Plain-
tiffs-Appellants,

v.

STATE CORPORATION COMMISSION of
New Mexico and Ingram B. Pickett, John
Block, Jr., and James F. Lamb, Members
of said Commission, Defendants-Appellees,
Luna-Eaves Company, a corporation,
Intervenor-Appellee.

No. 6729.

Supreme Court of New Mexico.

Oct. 6, 1960.

O. Russell Jones, Jack Smith, Edwin E. Piper, Jr., Santa Fe, for appellants.

Hilton A. Dickson, Jr., Atty. Gen., Patricio Sanchez, Asst. Atty. Gen., for defendants.

Burr & Cooley, Farmington, for intervenor.

## Opinion

COMPTON, Chief Justice.

Appellants protested the application of Luna-Eaves Company for an extension of its certificate of public convenience and necessity to operate a freight line service for "transportation of crude oil from place of production in Rio Arriba and Sandoval Counties to pipe line, pipe line storage and refineries in Rio Arriba and San Juan Counties, and transportation of crude oil from place of production in San Juan County to pipe line, pipe line storage and refineries in Rio Arriba County, over irregular routes, under non-scheduled service," and, having been unsuccessful, commenced this action in the district court pursuant to the provisions of § 64–27–68, 1953 Comp., to vacate the order of the commission as being unreasonable and unlawful.

Luna-Eaves Company being an interested party was permitted to intervene. Issue was joined on all matters of substance and, at a hearing, the trial court, being limited to the record made before the commission, found that the order granting the extension was reasonable and lawful, and, from the judgment sustaining the order, appellants bring the cause here for the review of alleged errors.

The pertinent provisions of the commission's order read:

"9. That the record made before the Commission reveals that the protestant, Western Oil Transportation Company, Inc., although the holder of a Certificate of Public Convenience and Necessity issued by this Commission authorizing the transportation of crude oil in the area sought to be served in this application, has never exercised that authority and for all practical purposes cannot be considered as an existing carrier in the field.

"10. That the record made before the Commission reveals that the service of the existing carriers in the field and the protestants to this application; namely, Fred Rogers Trucking Company, Inc., Barlow's Service, Inc., and F. H. Tompkins, Jr., d/b/a Box Bar Transportation has, in many instances, been inadequate and unsatisfactory.

\*    \*    \*    \*    \*    \*

382

"13. That the record made before the Commission reveals that under the applicant's present crude oil authority it is authorized to deliver crude oil production commonly referred to as condensate, at Bloomfield, New Mexico, which is in San Juan County, but is prohibited from picking up said production in Sandoval and Rio Arriba Counties; that, on the other hand, although the applicant is authorized to pick up all other crude oil production in San Juan County, it is prohibited from delivering said production to the receiving plant at Lybrook, New Mexico, which is in Rio Arriba County.

"14. That the Commission has taken into consideration existing transportation facilities and found they are not reasonably adequate in accordance with New Mexico Statutes, 64–27–8. That the grant of authority, as amended, will not adversely affect the certificated carriers to an extent that it will impair their ability to continue their service to the oil industry."

The commission then concluded that there was a public need for additional service and that existing services in the area were inadequate. The commission also concluded that the granting of the application would not result in unnecessary duplication of service in the area.

■ The sole question is whether the order of the commission is supported by substantial evidence. If the evidence is found substantial, the order of the commission is deemed both reasonable and lawful, and the judgment must be sustained; otherwise, the judgment must be reversed. While we do not consider the expediency or wisdom of the order or whether, on like testimony, we would have made a similar ruling, it was the exclusive province of the commission to determine public need and whether existing services were reasonably adequate. Transcontinental Bus System, Inc. v. State Corporation Commission, 67 N.M. 56, 352 P.2d 245.

■ The evidence is uncontradicted that there has been a rapid increase in the petroleum industry in the area in recent years. In 1956 there were 747 producing oil wells in the area, and in 1958 there were 1043 producing wells. In 1955 the annual production of crude oil available for trucking in the area was 40,557 barrels. In 1958 production available for trucking was 497,375 barrels. This increase was due principally to improved interstate pipe line facilities in the area. In the area there are tremendous reserves of crude oil. Further, condensate, for which there is no pipe line service, must be trucked. Standing alone the foregoing evidence would not establish public need for additional services; however, there is evidence that Western Oil

383

Transportation Company had never attempted to exercise its authority in the involved area; that the service offered by each of the other carriers having permits has been unsatisfactory to certain shippers in the area, or not utilized for a number of reasons not necessary to enumerate. The evidence reflects that gas wells of the area also produced oil, and in some instances gas wells had to "shut in" due to the delay in hauling. In this respect, shipper witnesses testified that they would have used the services of the applicant had it been available to them. Considering the large increase in crude oil available for trucking, even though most of it is not handled by certificated truckers, together with the complaints on the service offered, we cannot say that the conclusion of the commission lacks substantial support in the evidence.

Appellants point up the fact that the appellee presented only three so-called shipper witnesses out of a total of eight used by him to testify in support of his application. While the best evidence in support of an application is the testimony by shippers as to need of the proposed service, such evidence is not indispensable. Public need may be established by other types of testimony. See W. R. Chamberlin & Company Extension—Petroleum Products, Ores, and Coke, 265 I.C.C. Reports 631; Bertholf Contract Carrier Application, I.C.C. Reports, 7 Motor Carrier Cases, 327, where the Interstate Commerce Commission was construing an act similar to the one under consideration.

 We deem the evidence substantial. It follows, the order of the commission is reasonable and lawful. The judgment, therefore, should be affirmed.

It is so ordered.

CARMODY and MOISE, JJ., concur.

CHAVEZ and NOBLE, JJ., not participating.