506 P.2d 783

T. W. RINKER et al., Plaintiffs-Appellants,

v.

New Mexico STATE CORPORATION COM-
MISSION et al., Defendants-Appellees,

v.

R. N. ROBINSON and B. M. (Sonny) Robin-
son, d/b/a Armored Transfer Serv-
ice, Intervenors-Appellees.

No. 9464.

Supreme Court of New Mexico.

Feb. 23, 1973.

Jones, Gallegos, Snead & Wertheim, Santa Fe, Girand & Richards, Hobbs, for plaintiffs-appellants.

David L. Norvell, Atty. Gen., Thomas Patrick Whelan, Jr., Asst. Atty. Gen., Santa Fe, for defendants-appellees.

Easley & Reynolds, Hobbs, for intervenors.

## OPINION

STEPHENSON, Justice.

Intervenors ("grantees") sought the issuance of a Certificate of Public Convenience and Necessity from the defendants-appellees ("the Commission"). Appellants ("protestants") being certificated for hire common carriers providing service conflicting in whole or in part with the authority sought by the grantees both as to commodities and territories served, protested. The Commission granted to the grantees a certificate to operate a for hire motor common carrier service transporting:

"Monies, securities, checks, business records, jewelry, mail, and other valuable articles, which require an armored vehicle and an armed guard between points and places in the State of New Mexico over irregular routes, under non-scheduled service."

However, no service was authorized in the counties comprising generally the northeast quadrant of the state or from point to point within Lea County.

Protestants appealed to the District Court of Santa Fe County pursuant to the provisions of § 64-27-68, N.M.S.A.1953. The district court, being of the view that the Commission's order was supported by substantial and competent evidence, entered its judgment in favor of the grantees. Protestants have appealed the action of the district court pursuant to the provisions of § 64-27-71, N.M.S.A.1953.

Before the Commission, it was incumbent upon applicants to establish by the evidence a public need for additional services and the inadequacy of existing services in the territory for which the certificate was sought. Section 64-27-8, N.M.S.A.1953; Ferguson-Steere Motor Co. v. State Corporation Com'n, 62 N.M. 143, 306 P.2d 637 (1957). On appeal, the trial court was limited to a determination of the single issue of whether the Commission's order was lawful and reasonable, that is to say, whether the Commission's order was supported by substantial evidence. Transcontinental Bus System v. State Corp. Com'n, 67 N.M. 56, 352 P.2d 245 (1960). The issue on appeal here is the same as in the trial court, viz., whether the evidence before the Commission, and upon which its order was based, is substantial in character. Id.

"Substantial evidence" means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Tapia v. Panhandle Steel Erectors Company, 78 N.M. 86, 428 P.2d 625 (1967). Upon appeal all disputed facts are resolved in favor of the successful party, all reasonable inferences indulged in support of the court or commission below, all evidence and inferences to the contrary disregarded and the evidence viewed in the aspect most favorable to the action of the court or commission which is being appealed. Id., Cave v. Cave, 81 N.M. 797, 474 P.2d 480 (1970); Marjon v. Quintana, 82 N.M. 496, 484 P.2d 338 (1971).

The record is voluminous and no useful purpose would be served by reviewing it here. Suffice it to say that we have carefully examined those portions of the record cited by the parties in support of their respective positions and are of the opinion that the evidence is substantial.

Finding no error, the judgment of the trial court is affirmed.

It is so ordered.

McMANUS, C. J., and MONTOYA, J., concur.