515 P.2d 557

WHITFIELD TRANSPORTATION, INC., Albuquerque-Phoenix Express, Inc., Illinois-California Express, Inc., Garrett Freightlines, Inc., Santa Fe Trail Transportation Company, Inc., and William P. Bursch, d/b/a Bursch Trucking and Rio Grande Motor Ways, Inc., Plaintiffs-Appellants,

v.

NEW MEXICO STATE CORPORATION COMMISSION, Floyd Cross, Columbus Ferguson and John Abraham, Commissioners, Defendants-Appellees.

No. 9675.

Supreme Court of New Mexico.

Oct. 26, 1973.

Jones, Gallegos, Snead & Wertheim, Santa Fe, for plaintiffs-appellants.

Jack Smith, Edwin E. Piper, Jr., Albuquerque, for defendants-appellees.

## OPINION

McMANUS, Chief Justice.

This proceeding commenced by the filing by appellants of a complaint in the District Court of the First Judicial District, County of Santa Fe, to set aside and vacate an order of the New Mexico State Corporation Commission (hereinafter Commission) granting a Certificate of Public Convenience and Necessity (hereinafter Certificate) to Oakley Transfer and Storage Company. At the trial below, the entire record of the proceeding before the Commission was admitted into evidence by stipulation of the parties. The district court entered judgment in favor of the Commission and the plaintiffs appeal. We affirm.

The Commission allowed Oakley to extend its already existing twelve-county common carrier service to nine additional New Mexico counties, and to perform this same service in interstate commerce pursuant to the provisions of the Interstate Commerce Act, 49 U.S.C. § 306(a)(6) (1970).

In addition, Oakley was allowed to amend its existing certificate to remove a restriction limiting its packages or articles to those weighing not more than 100 pounds, and substitute therefor a 500-pound restriction.

The Commission had the authority to issue its orders once Oakley established, by the evidence, a public need for additional services and the inadequacy of existing services in the territory for which the certificate was sought. § 64–27–8, N.M.S.A. 1953 (2nd Repl. Vol. 9, pt. 2, 1972); Rinker v. State Corporation Commission, 84 N.M. 626, 506 P.2d 783 (1973); Ferguson-Steere Motor Co. v. State Corporation Com'n, 62 N.M. 143, 306 P.2d 637 (1957). On appeal, the trial court was limited to a determination of whether the Commission's order was supported by substantial evidence. Rinker v. State Corporation Commission, supra; Transcontinental Bus System v. State Corp. Com'n, 67 N.M. 56, 352 P.2d 245 (1960). The issue on appeal here is the same as in the trial court, viz., whether the evidence before the Commission, and upon which its order was based, is substantial in character.

This court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rinker v. State Corporation Commission, supra, at 627, 84 N.M., at 784 of 506 P.2d, citing Tapia v. Panhandle Steel Erectors Company, 78 N. M. 86, 428 P.2d 625 (1967). " * * * Upon appeal all disputed facts are resolved in favor of the successful party, * * * and the evidence [is] viewed in the aspect most favorable to the action of the court or commission which is being appealed." Rinker v. State Corporation Commission, supra, at 627 of 84 N.M., at 784 of 506 P. 2d, citing Marjon v. Quintana, 82 N.M. 496, 484 P.2d 338 (1971); Cave v. Cave, 81 N. M. 797, 474 P.2d 480 (1970).

The record here is voluminous and contains substantial testimony by various public shipper witnesses in addition to a large volume of other evidence pertaining to highly material aspects of need. See Western Oil Transportation Co. v. State Corp. Com'n, 67 N.M. 380, 358 P.2d 923 (1960), which held that such evidence is material to the decision of both the commission and the court. We have examined those portions of the record cited by the parties in support of their respective positions and find that the evidence is substantial and we concur with the judgment.

However, as to the order of the Commission allowing Oakley to provide interstate operations in conjunction with its intrastate authority there is need for addi-

**634**

tional comment. Section 306(a)(6) of the Interstate Commerce Act, supra, allows a state regulatory body to grant to an applicant for an intrastate certificate, authority to handle interstate moves *in conjunction* with its intrastate authority if it proves a need therefor. However, this section further provides that if a party opposes the orders of the state commission, he should petition to the Interstate Commerce Commission [see also Interstate Commerce Act, 49 U.S.C. § 303(a)(3) (1970)] for reconsideration. The Interstate Commerce Commission (hereinafter I.C.C.) may then affirm, reverse, or modify the decision with respect to the interstate operations. In the case at bar, the appellants apparently did file a petition with the I.C.C. but it was rejected. If appellants desire judicial review of the I.C.C.'s order, they should seek review in the federal court as provided for in 28 U.S.C. §§ 2321, 2325 (1970), and not in this court. This is true even though there is an absence of evidence supporting the I.C.C.'s findings. As stated in Central Motor Express, Inc. v. Fowler, 220 Tenn. 507, 518, 419 S.W.2d 170, 176 (1967):

> "* * * [I]t would not be in order for this Court [state court] now to review the validity of the interstate authority already approved by the Interstate Commerce Commission, because of the asserted absence of evidence which relates exclusively to the interstate commerce aspect of the application. If the Interstate Commerce Commission is satisfied with the interstate exchange aspect of the application, certainly, this Court should be."

Thus, the appellants are attempting to burden this court with a responsibility obviously never intended by the Interstate Commerce Act.

Finding no error, the judgment of the trial court is affirmed.

It is so ordered.

STEPHENSON and MONTOYA, JJ., concur.