594 P.2d 1177

**PUBLIC SERVICE COMPANY of New Mexico, Petitioner-Appellant and Cross-Appellee,**

**v.**

**NEW MEXICO PUBLIC SERVICE COMMISSION, Respondent-Appellee and Cross-Appellant.**

City of Santa Fe, Intervenor.

No. 11969.

Supreme Court of New Mexico.

May 17, 1979.

Keleher & McLeod, Richard B. Cole, Albuquerque, for petitioner-appellant.

Jeff Bingaman, Atty. Gen., David S. Cohen, Patrick T. Ortiz, Asst. Attys. Gen., Santa Fe, for Public Service Commission.

Frank R. Coppler, Santa Fe, for intervenor.

Jeff Bingaman, Atty. Gen., Paul L. Biderman, Steven Asher, Asst. Attys. Gen., Santa Fe, for amicus curiae.

## OPINION

PAYNE, Justice.

Public Service Company of New Mexico (PNM) brought this action in district court to review a decision of the New Mexico Public Service Commission with respect to PNM's request for rate increases for water service to the City of Santa Fe. The district court reversed the decision and remanded the case to the Commission. Both parties appeal.

When the Commission first considered the proposed rates, it held lengthy hearings and found that a fair rate of return on equity for PNM's Santa Fe water operations was 4 percent. PNM's proposed rates, based on a 14 percent rate of return, were disapproved as unjust and unreasonable. On appeal to the district court, the Commission's order granting a 4 percent return was found to be unsupported by substantial evidence. The district court annulled and vacated the Commission's decision and ordered the case remanded to the Commission with permission to take new evidence on the issue of a fair rate of return. The Commission appeals the district court's finding that a 4 percent rate of return was not supported by substantial evidence and PNM appeals the court's decision to the extent that it permits the Commission to consider additional evidence on remand.

■ We first determine the issue raised by the Commission of whether the district court erred in its finding that a 4 percent rate of return was not supported by substantial evidence.

The district court stated in its findings:

Further examination of this record discloses no arithmetic formula or other basis, be it algebraic or expressed in hypothetical theory that would allow the commission based on this record to arrive at a figure of four percent (4%) as a fair and valid return. . . .

. . . I cannot find a clear and adequate basis in the record for the rate arrived at by the commission. . . . I simply cannot find relevant testimony which would enable anyone seriously studying the matter to pin point how the figure of four percent (4%) was arrived at.

■ Judicial review of a Commission's decision is limited to a determination of whether the Commission acted fraudulently, arbitrarily, or capriciously, and whether the Commission's decision is supported by substantial evidence. *Llano, Inc. v. Southern Union Gas Company*, 75 N.M. 7, 399 P.2d 646 (1964). The district court may not substitute its judgment for that of the Commission. *Maestas v. New Mexico Public Service Commission*, 85 N.M. 571, 514 P.2d 847 (1973). Although every inference is to be drawn in support of the Commission's decision, a reviewing court may not uphold a Commission's decision which is not supported by substantial evidence. *See Rinker v. State Corporation Commission*, 84 N.M. 626, 506 P.2d 783 (1973).

The Commission points to several factors which it contends constitute substantial evidence to support a 4 percent rate of return. One is the relative risks of Santa Fe water operations compared to PNM's electrical operations. Another is PNM's general financial health, including the market value of PNM's stock, recent stock dividends, and PNM's credit rating and capital attractiveness. These factors are properly considered in a rate hearing. However, these factors alone do not indicate why 4 percent, as opposed to 6, 8, or 12 percent, is a fair and reasonable rate of return. General statements are no substitute for specific factual evidence. The Commission does not point to any such evidence to justify a 4 percent rate.

The expert witnesses for both the Commission and for PNM testified that a rate of return between 13 percent and 14.8 percent was justified. The Commission contends that it was entitled to ignore the expert testimony presented to it, and to set a rate inconsistent with that testimony. Assuming *arguendo*, that this is a correct statement of law (*see Hardin v. State Tax Commission*, 78 N.M. 477, 432 P.2d 833 (1967)), it does not justify the setting of rates, inconsistent with the expert testimo-

ny, which are not otherwise supported by substantial evidence. The district court did not err in rejecting the 4 percent rate of return and annulling the Commission's decision.

■ We next consider whether the district court erred in remanding the case to the Commission with permission to take additional testimony.

The court stated:

I do not deem it necessary that additional evidence be taken, though the commission in its wisdom if it so desires may do so.

The district court reviewed the Commission's decision pursuant to § 62–11–5, N.M. S.A.1978, which reads in part:

The trial before the district court shall be before the court without a jury and the court shall have no power to modify said action or order appealed from, but shall either affirm or annul and vacate the same. The court shall vacate and annul the order complained of, if it is made to appear to the satisfaction of the court that the order is unreasonable or unlawful.

PNM contends that because § 62–11–5 does not specifically provide for a remand of a rate case to the Commission for the taking of new evidence, the remand of this case was improper. PNM argues that the substantial evidence in the existing record requires the Commission on remand to adopt a rate of return on equity of between 13 and 14.8 percent.

The district court correctly rejected this argument, stating:

I do not deem it the court's function here to usurp the powers of the commission to the extent of stating a percentage or a range of percentages within which an appropriate rate must fall. I merely state that such figure when established must be consistent with the evidence adduced before the commission.

Section 62–11–5 does not authorize the district court to modify an order of the Commission. If the approach advocated by PNM were adopted, it would place the dis-

trict court in the position of weighing the evidence and substituting its judgment for the judgment of the Commission. The district court properly restricted its review to the question of whether the Commission's order was supported by substantial evidence. Having found that it was not, the court remanded the case for the entry of a new order based on substantial evidence.

PNM contends that in establishing a new rate of return the Commission is limited by the decisions of this Court from considering evidence outside of the existing record. PNM relies on *State v. Carmody*, 53 N.M. 367, 208 P.2d 1073 (1949) in which a writ of prohibition was issued against a trial judge to prevent him from remanding a pending cause to the State Corporation Commission for the taking of additional evidence. This Court said:

[N]ot a single case has been found in which the cause was remanded to an administrative board or authority for further proceedings as, for instance, taking of additional testimony, that lacks the sanction of statutory or constitutional authorization for the remand.

[The] trial judge could not properly remand the cause to the Corporation Commission for the taking of additional evidence. He could only determine the questioned order to be reasonable or unreasonable, lawful or unlawful, on the record made before the Commission and approve, or disapprove, the same accordingly.

*Id.* at 376–77, 208 P.2d at 1079.

The Commission seeks to distinguish *Carmody* and other cases relied on by PNM on the basis that they involve remands following *interlocutory* orders of the reviewing courts. It cites the following language from *Carmody*:

The kind of remand we are here talking about is one for the taking of additional testimony preliminary to deciding reasonableness or lawfulness of the order under review, as enjoined by the statute. Of course, when the reviewing court has decided this basic question, if judgment

vacating the questioned order be entered, then with or without any formal order of remand, the cause will stand remanded to the administrative board for the conduct of such further proceedings as lie within its statutory powers. (Citations omitted.) *Id.* at 377, 208 P.2d at 1079.

Even if we were to assume that the Court in *Carmody* intended such a distinction, we can discern no rational basis for distinguishing interlocutory from final orders for purposes of determining the issue in this case. The Commission, amicus curiae, and the intervenor do not cite any basis for this distinction. However, the decision we reach in this case is not inconsistent with the above quoted language in *Carmody*.

In *Carmody* this Court said that after entry of a final order a cause will always stand remanded to the administrative agency for such further proceedings as lie within its statutory powers. This proposition is not more than a statement of an obvious rule of law. "An agency is always free to conduct such further proceedings as lie within its statutory powers. . . ." 2 Vom Baur, *Federal Administrative Law*, § 790, at 755 (1942). The agency has an affirmative duty to exercise its statutory powers. The question is what further proceedings lie within the Commission's statutory powers after its decision in a rate case has been annulled and vacated.

Under the Public Utilities Act the Commission has continuing jurisdiction to set just and reasonable utility rates. Section 62–10–1, N.M.S.A.1978 provides in part:

[T]he commission, whenever it deems that the public interest or the interest of consumers and investors so requires, may proceed, to hold such hearing as it may deem necessary or appropriate.

It is the Commission's position that it had the authority under § 62–10–1 to consider additional evidence regardless of whether the district court's remand order so provided. The Commission argues that it had an affirmative duty to utilize the most recent available economic data in determining just and reasonable utility rates. *See Mountain States Tel. v. New Mexico State Corp.*, 90

N.M. 325, 563 P.2d 588 (1977). The Commission contends that because approximately 13 months elapsed between the date of the Commission rate hearing and the entry of the district court's order of remand, it had an obligation, rather than merely a right, to consider new evidence on remand. The Commission also contends that there is no applicable statutory time limitation within which the new testimony must be heard and a new decision rendered, but that it is only limited by the general requirement that it act diligently and in good faith to dispose of the matter.

PNM argues that if the Commission is permitted to take new testimony on remand, the regulatory scheme established by the Public Utilities Act will be violated and the rate relief to which PNM is undisputedly entitled will be indefinitely delayed. Such a procedure could become confiscatory by depriving a utility of a fair return on its investment. PNM contends that § 62–8–7, N.M.S.A.1978 places a ten-month limit within which a final decision on rate increases must be made.

Section 62–8–7 sets forth the statutory procedure for rate changes. Under that section a utility files a proposed rate increase with the Commission, giving the Commission 30 days' notice thereof before the proposed rates can go into effect. Within that thirty-day period the Commission may suspend the operation of the proposed rates for up to 9 months pending a hearing. The Commission may also suspend imposition of the proposed rates for an additional three-month period. However, during the extended period the utility may put the proposed rates into effect by filing its undertaking secured by a bond for the purpose of refunding any amounts that may later be determined to be excessive.

■ We hold that § 62–8–7 does not make it mandatory for the Commission to act within any specific time; it merely provides that if the Commission fails to act within the nine-month suspension period, the utility may put the proposed rates into effect. *See Mountain States Tel., supra.*

The Commission contends, however, that once it has determined that the requested rates are unjust and unreasonable, even if its decision is annulled on review, the time limitations contained in § 62–8–7 are no longer applicable. We do not agree.

Once the Commission's order is annulled and vacated, a rate case is in the same posture it was in before the original decision was rendered. The Commission may hold additional hearings and take additional testimony just as if the vacated order had never been entered; however, because the proposed rates may be put into effect after expiration of the initial nine-month period, the Commission will have every reason to act expeditiously to enter new findings based on substantial evidence.

The decision of the trial court is affirmed and the case is remanded to the Commission with directions to conduct such further proceedings as are consistent with the views expressed herein.

IT IS SO ORDERED.

SOSA, C. J., and EASLEY, J., concur.

McMANUS, Senior Justice, dissenting.

FEDERICI, J., not participating.

McMANUS, Senior Justice, respectfully dissenting.

I respectfully dissent only from the portion of the majority opinion whereby the case is remanded to the Commission with directions to conduct further proceedings.

I feel that § 62–11–5, N.M.S.A.1978 only gives the Supreme Court, as well as the district court, authority to affirm or annul and vacate the action of the Commission. There is no provision in the statute which allows a remand for the taking of new evidence.