620 P.2d 881

**AMERICAN AUTOMOBILE ASSOCIATION, Plaintiff–Appellant,**

v.

**STATE CORPORATION COMMISSION of the State of New Mexico, Defendant–Appellee,**

and

**New Mexico Wrecker Operators Association, Intervenor.**

No. 13038.

Supreme Court of New Mexico.

Dec. 8, 1980.

**228**

Rodey, Dickason, Sloan, Akin & Robb, Gene C. Walton, Albuquerque, for plaintiff—appellant.

Jeff Bingaman, Atty. Gen., Patrick T. Ortiz, Asst. Atty. Gen., Santa Fe, for Corporation Commission.

Bradford H. Zeikus, Albuquerque, for Intervenor.

## OPINION

SOSA, Chief Justice.

The issue on appeal is whether the order of the State Corporation Commission (Commission) increasing the service rates of the certified wrecker operators of New Mexico is supported by substantial evidence.

The New Mexico Wrecker Operators Association applied to the Commission for a rate change pursuant to Section 65–2–66, N.M.S.A.1978. The Automobile Association of America (AAA) intervened claiming that the rates proposed by the wreckers were excessive. In December of 1978, the Commission conducted its first hearing on the matter and six wrecker operators from Gallup, Albuquerque and San Ysidro testified. All complained of losses due to inadequate rates which had been set in 1973. The Commission granted a continuance and sent a staff team to Gallup, New Mexico, to audit the two operators that testified. Based on its findings, the staff team submitted a rate proposal to the Commission at a second hearing conducted in January of 1979. The proposal was slightly modified by the Commission and then adopted for statewide use by all 266 certified wrecker operators. AAA appealed to the district court which affirmed the order of the Commission. We reverse.

■ This court's review of the Commission's decision is limited to a determination of whether the Commission acted fraudulently, arbitrarily, or capriciously, whether the decision is supported by substantial evidence, and whether the action of the Commission was within the scope of its authority. *Public Service Co. v. N. M. Pub. Serv. Com'n*, 92 N.M. 721, 594 P.2d 1177 (1979); *Alto Village Services Corp. v. New Mexico,*

*Etc.*, 92 N.M. 323, 587 P.2d 1334 (1978); *Llano, Inc. v. Southern Union Gas Company*, 75 N.M. 7, 399 P.2d 646 (1964). AAA does not contend that the Commission acted fraudulently. It does contend that the Commission ignored the testimony of its own expert witness and based its decision on a sample not representative of the industry in the state. Therefore, its decision is not based on substantial evidence.

The Commission points to several factors which it contends represent substantial evidence to support its decision. One was that the evidence taken in the hearings clearly indicated that a rate increase was needed. Another was that the six operators that testified were representative of the wrecker industry in the state. Lastly, the Commission contends that the rate proposal pertaining to the Gallup operators was in line with and applicable to the other four operators that testified and was therefore applicable to all certified wreckers. We will accept the fact that a rate increase is needed, as it is not the function of this court to weigh the evidence presented to the Commission. However, the decision affecting the rate increase must be based on substantial evidence. *Ferguson–Steere Motor Co. v. State Corp. Com'n*, 63 N.M. 137, 314 P.2d 894 (1957). And although we are bound to draw every inference in support of the Commission's decision, this Court may not uphold a decision not supported by substantial evidence. *Public Service Co. v. N. M. Pub. Serv. Com'n, supra.* See *Rinker v. State Corporation Commission*, 84 N.M. 626, 506 P.2d 783 (1973).

Substantial evidence means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Rinker v. State Corporation Commission, supra; Tapia v. Panhandle Steel Erectors Company*, 78 N.M. 86, 428 P.2d 625 (1967). The Commission based its decision in part on the rate proposal submitted by the staff team. A member of the staff team, Hamilton, testified as an expert that the proposed rates were applicable to the two Gallup operators and were not applicable to the

other 264 wreckers in the state. The Commission contends that this was mere opinion testimony that it was entitled to ignore and that it could set a rate inconsistent with the testimony. This argument is similar to one presented in *Public Service Co. v. N. M. Pub. Serv. Com'n, supra*, in which we stated that assuming arguendo, that this is a correct statement of law, it does not justify the setting of rates, inconsistent with expert testimony, which are not otherwise supported by substantial evidence.

The Commission's determination must be based on substantial evidence appearing in the record before it. *Lloyd McKee Motors v. New Mex. St. Corp.*, 93 N.M. 539, 602 P.2d 1026 (1979). The record indicates that the operating ratios of the Gallup businesses were in line and comparable to the ratios of the other testifying operators. However, this factor alone does not indicate why the proposed rate schedule should be considered fair and reasonable as applied to the other 260 operators in the state. We find no evidence in the record to support any finding that a representative sample of certified wreckers was taken for the purpose of determining the new rates. The record is to the contrary, as the expert testified that the two Gallup operators did not constitute a representative sample.

■ We find that the Commission's order is not based on substantial evidence in that the sample on which it is based does not fairly represent the wrecker industry in New Mexico. The uncontroverted testimony of the Commission's expert supports this finding. In order to determine a fair and reasonable rate for New Mexico's certified wreckers, the Commission must take a statewide sample which must include large and small operators and be representative. It is not necessary that it be a large sample, merely one that is representative of the industry as a whole.

We have held that the Commission has an ongoing duty to examine records, conduct investigations, grant continuances and do all other things necessary to insure that the public has fair rates. *Mountain States Tel. v. New Mexico State Corp.*, 90 N.M. 325,

563 P.2d 588 (1977). Its great responsibility to the public requires the Commission to be thorough in its decision making. It must weigh all the evidence in the case and not arbitrarily disregard particularly important and qualified testimony. *See Alto Village Services Corp. v. New Mexico, Etc., supra.* Of particular importance in this case is the need to use the latest available actual figures in its determinations as they depend upon the economic facts at the time of decision. *State Corporation Com'n v. Mountain States Tel. & Tel. Co.*, 58 N.M. 260, 270 P.2d 685 (1954).

We are aware that new rates may reflect the recent costs of inflation and actually exceed those set by the Commission in early 1979. Such costs must occasionally be incurred to insure that administrative agency decisions are just, reasonable and supported by substantial evidence.

The Commission's order is annulled and vacated and the cause remanded with directions to conduct further hearings consistent with this opinion.

PAYNE and FEDERICI, JJ., concur.